THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| MICHAEL NOBLE, Individually and As Guardian of THERESA ANN PULLEY, and DANIELLE N. PRUETT, Individually and as Mother and Next Friend of her son A.G., a minor, and TINA PULLEY, <br><br> Plaintiffs, <br><br> vs. <br><br> BNSF RAILWAY COMPANY, <br><br> Defendant. | Case No. 3:24-cv-02268-SMY |

**MEMORANDUM & ORDER**

**SISON, Magistrate Judge:**

### INTRODUCTION AND BACKGROUND

On February 17, 2024, Plaintiffs' vehicle and a train operated by the Defendant BNSF Railway Company collided, which resulted in catastrophic injuries. Plaintiffs allege that the Defendant was negligent in failing to install certain safety equipment at the railroad crossing in question and failing to maintain the crossing in a reasonably safe condition. Plaintiffs further allege that the Defendant failed to sound the locomotive's horn when it approached and went through the crossing.

The instant matter comes before the Court on Plaintiff Michael Noble's Second Motion to Compel, which was filed on July 2, 2025. (Doc. 44). The Defendant BNSF

Railway Company filed a response to the motion on July 16, 2025. (Doc. 50). The matter was referred to the undersigned for disposition by United States District Judge Staci M. Yandle on July 7, 2025. (Doc. 45). The Court held a hearing on the motion on August 12, 2025. (Doc. 56). At the hearing, the Court, on the record, disposed of various interrogatories and requests for production that were at issue between the parties. *Id.* It further ordered the Defendant to supplement the requested discovery within 30 days. *Id.* The Court, however, took under advisement the matter of whether post-accident discovery should be produced. *Id.* For the foregoing reasons, the Court **GRANTS** Plaintiff's Motion to Compel (Doc. 44) regarding this issue.

## DISCUSSION

Plaintiff seeks to resolve objections raised by the Defendant to certain discovery requests propounded by Plaintiff. The relevant discovery requests are as follows:

- Interrogatory No. 11. Other than the warning devices, signs, and markings in place at the Crossing at the time of the Crash, were any other devices, signage or markings installed or in place at the Crossing from January 1, 2017[,] to the present[;]

- Request No. 12. Produce all Documents and Correspondence related to any complaints, notices, reports or writings regarding or referencing the Crossing from January 1, 2017[,] to the present. This includes but it not limited to any complaints related to safety, warning devices, signs, ground surface, layout, near misses, visual obstructions, vegetation surrounding the track, train movements or handling, and/or train noise or audible sounds[;]

- Request No. 13. Produce all Documents relating to any inspections of the Crossing, including but not limited to the vegetation near and approaching the Crossing from January 1, 2017[,] to the present[;]

- Request No. 15. Produce all Documents regarding installation of each warning device, sign, marking, gates, and/or lights currently in place at the Crossing[;]

- Request No. 20. Produce all Documents and Correspondence sent to or received from the Illinois Commerce Commission related to the Crossing from January 1, 2020[,] to the present[;]

- Request No. 21. All Documents and Correspondence referencing or related to any Stop sign at the Crossing from January 1, 2020[,] to the present[;] and

- Request No. 24. Produce all Documents regarding any other incidents, collisions, near misses, or other safety-related reports regarding the Crossing, or any other crossings within a 2-mile radius of the Crossing, from January 1, 2017[,] to the present.

(Doc. 44-1, p. 4, 10-12, 14-16). Specifically, Defendant raised relevance objections to these discovery requests because Plaintiff sought information which post-dated the date of the crash.

Defendant relies on Rule 407 of the Federal Rules of Evidence to argue that the Plaintiff cannot show relevance with the above requests. Rule 407 states: "[w]hen measures are taken that would have made an earlier injury or harm less likely to occur, evidence of the subsequent measures is not admissible to prove: negligence; culpable conduct; a defect in a product or its design; or a need for a warning or instruction." FED. R. EVID. 407. In its response, Defendant noted that the crash occurred more than eight (8) months prior to when it was required to install certain safety improvements at the crossing in question. (Doc. 50, p. 5). Defendant further noted that it completed installation of advanced safety devices at the subject crossing on or about April 1, 2024, in compliance with its obligations. *Id.* Defendant argues that the installation of these safety improvements at the crossing after the crash is a subsequent remedial measure covered by Rule 407. Because such evidence cannot be used to establish negligence, culpable conduct, and/or the need for a warning or instruction, Plaintiff's request for information

post-dating the accident is irrelevant.[1] Rather, the true question is what was in place at the time of the incident.

The scope of discovery is limited to matters "relevant to any party's claim or defense . . . ." FED. R. CIV. PROC. 26(b)(1). However, "[i]nformation within this scope of discovery ***need not be admissible*** in evidence to be discoverable." *Id.* (emphasis added). Plaintiff correctly notes that the issue is discoverability (not admissibility) and relies on several cases where the court rejected attempts to use Rule 407 to prohibit discovery. *See, e.g., Jumper v. Yellow Corp.*, 176 F.R.D. 282, 284-285 (N.D. Ill. 1997) (holding that requested grievance documents did constitute evidence of subsequent remedial measures, but such materials should not be withheld from discovery because its admissibility at trial would later be determined via a motion in limine); *Stalling v. Union Pacific Railroad Co.*, No. 01 C 1056, 2003 WL 21317297, at *10 (N.D. Ill. June 6, 2003) (holding that discovery requests relating to improvements at railroad crossing were not precluded under Rule 407 because it was "not a rule governing pretrial discovery."); *Boldt Co. v. Black & Veatch Construction, Inc.*, No. 19-cv-08383, 2021 WL 12319872, at *4 (N.D. Ill. Dec. 2, 2021) (rejecting argument that Rule 407 shielded certain requested documents from discovery).

The Court further notes that Rule 407 provides for certain exceptions to its general exclusionary rule. For example, "the court may admit this evidence for another purpose,

---

[1] Defendant also relies on Rule 401 for the definition of relevance. Rule 401 states that "[e]vidence is relevant if: (a) it has any tendency to make a fact more or less probable that it would be without the evidence; and (b) the fact is of consequence in determining the action." FED. R. EVID. 401.

such as impeachment or – if disputed – proving ownership, control, or the feasibility of precautionary measures." FED. R. EVID. 407. At the hearing, Plaintiff argued that a potential issue at trial could be the feasibility of precautionary measures and that the requested information could be used for impeachment depending on what was argued. The applicability of Rule 407 and whether any relevant exception applies will be a matter for Judge Yandle to determine at some later point in time. In light of Rule 26 and the legal authorities cited by Plaintiff, Defendant's relevance objections are overruled, and Defendant must now produce the requested discovery.[2]

## CONCLUSION

For the foregoing reasons, the Court **GRANTS** Plaintiff's Motion to Compel (Doc. 44) regarding the production of post-accident discovery. Defendant is hereby given until **December 19, 2025**, to provide the requested discovery to Plaintiff.

**IT IS SO ORDERED.**

DATED: November 26, 2025.

Digitally signed by Gilbert C Sison
Date: 2025.11.26 08:48:24 -06'00'

**GILBERT C. SISON**
**United States Magistrate Judge**

---

[2] Defendant also relied on *Norfolk Southern Railway Co. v. Shanklin*, 529 U.S. 344 (2000), to argue that Plaintiff's state tort law claims should be preempted because federal funds were used to install warning devices at the crossing in question. *Shanklin*, however, does not address pre-trial discovery – a point to which Defendant conceded at the hearing. The issue of preemption is best raised through a dispositive motion, which will be for Judge Yandle to determine.